UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-23036–Civ–Hon. Federico A. Moreno

AF HOLDINGS, LLC,

    Plaintiff,

vs.

DOES 1 – 162,

    Defendants.
_____/

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH THE SUBPOENA**

Dayanira Leal ("Movant") filed a motion to quash Plaintiff's subpoena to Comcast Cable Communications ("Comcast"). (Motion to Quash the Subpoena, Nov. 23, 2011, ECF No. 9 [hereinafter "Motion to Quash"].) Movant makes several brief one-sentence arguments, but fails to provide authority for them. Movant argues that she has a First Amendment right to remain anonymous (*id.* at 2), the action should be dismissed for lack of personal jurisdiction and improper venue (*id.*), joinder is improper (*id.*), she is innocent (*id.*), and the requested subpoena is overly broad. (*Id.*)

**ARGUMENT**

This brief consists of six parts. Part I argues that Ms. Leal's motion is not before the proper court. Part II addresses Ms. Leal's First Amendment argument. Part III argues that Ms. Leal's jurisdiction and venue arguments are premature and erroneous. Part IV argues that joinder is proper at this early stage of litigation. Part V argues that Ms. Leal's factual denial is premature and not relevant to this motion. Part VI argues that Plaintiff's subpoena is not overly broad.

### I.     MS. LEAL'S MOTION IS NOT BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added.) Ms. Leal's Internet Service Provider ("ISP") is Comcast. The subpoena issued to Comcast was issued from the Northern District of Illinois to best facilitate service on authorized agents of ISPs. The U.S. Court of Appeals for the District of Columbia Circuit has explained that the district courts lacked authority to transfer motions to quash to another district. *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (citing *In re Sealed Case* in concluding that the motion to quash failed because it was not filed in the proper court).

Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.") The subpoenas were issued from those respective courts because they primarily implicate the rights of nonparty ISPs with authorized agents in those jurisdictions. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Because Ms. Leal failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash that subpoena.

## II.  PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MS. LEAL'S LIMITED PRIVACY INTEREST

Ms. Leal argues that she has a First Amendment right to remain anonymous. (Motion to Quash at 2.) But federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are not entitled to protection of their identities under the First Amendment. *UMG Recordings, Inc. v. Does 1–4*, No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006) (finding that Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy."); *Sony Music Entm't v. Does 1–40*, 326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Ms. Leal cannot cloak her identity in the First Amendment when her infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so.").

///

///

///

### III. MS. LEAL'S CHALLENGES TO PERSONAL JURISDICTION AND VENUE ARE PREMATURE AND ERRONEOUS

Ms. Leal moves the Court to "dismiss this action against [her] for: Lack of personal jurisdiction and venue." These arguments must fail because they are premature at this stage of the litigation, when the Court has limited means to evaluate Ms. Leal's specific connections with this forum. *First Time Videos, LLC v. Does 1-500*, No. 10-cv-6254, at *17 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("Such assertions . . . will be relevant once the Putative Defendants are named as parties in this action, but not before. Defendants cannot be dismissed under Federal Rule of Civil Procedure 12(b)(2) from a lawsuit to which they are not yet parties."); *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J) ("[T]he Does argue that this Court may lack personal jurisdiction over them . . . . [This] argument is premature."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *2 (N.D. Ill. June 9, 2011) (Kendall, J.) (denying multiple motions to dismiss for lack of personal jurisdiction as "premature" in a similar factual and procedural context); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether his jurisdictional and venue defenses are valid and to evaluate possible alternate bases to establish jurisdiction. *MGCIP*

4

[sic], No. 10-C-6677, 2011 WL 2292958, at *2; *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011). After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *MGCIP* [sic], No. 10-C-6677, 2011 WL 2292958, at *2; *Call of the Wild Movie*, 2011 WL 996786, at *9; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Ms. Leal's personal jurisdiction arguments are premature.

Ms. Leal also argues that she "resides over 100 miles from this jurisdiction." However, Ms. Leal provides her address on her motion as Fort Myers, Florida. Fort Myers is less than 30 miles outside of the Southern District of Florida. Under the Florida long-arm statute, Fla. Stat. § 48.193(1)(b), the Court has jurisdiction over Ms. Leal.

## IV.   JOINDER IS PROPER AT THIS EARLY STAGE OF LITIGATION

Ms. Leal argues that "Plaintiff fails to establish ground as to their joinder claim." (Motion to Quash at 2.) This is untrue; Plaintiff specifically addressed the joinder issue in the Complaint. (Compl. ¶¶ 9-13.) Plaintiff properly alleged that Doe Defendant(s) were part of the same "transaction or occurrence" for the purposes of joinder. The Complaint alleges that all Doe Defendant(s) were part of a common scheme. The Complaint asserts that "[i]n using the peer-to-peer BitTorrent file distribution method, *each Defendant engaged in a concerted action with other Defendants* and yet unnamed individuals to reproduce and distribute Plaintiff's Video by

5

exchanging pieces of the Video file in the torrent swarm." (Compl. ¶ 40) (emphasis added); *see also id.* ¶ 9). *See also Mosley v. General Motors Corp.*, 497 F.2d 1330, 1333-34 (8th Cir. 1974) (reversing district court's severance of plaintiffs where defendant was alleged to have engaged in a common scheme of discriminatory conduct).

Further, courts nationwide have found that joinder is proper at this early stage of litigation. *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (citing *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011)) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious").

V.   **MS. LEAL'S FACTUAL DENIAL IS PREMATURE AND NOT RELEVANT TO HER MOTION**

Ms. Leal claims she "is innocent and is unaware of any infringement. (Motion to Quash at 2.) A general denial of liability, however, is not a basis for quashing Plaintiff's subpoena. *First Time Videos, LLC v. Does 1–500*, No. 10-C-6254 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 ("A general denial of liability is not relevant as to the validity or enforceability of a subpoena, but rather should be presented and contested once parties are brought properly into the suit."); *MCGIP, LLC v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at *1 (N.D. Ill. June 9, 2011) (Kendall, J.) ("A general denial of engaging in copyright infringement . . . is not a basis

6

for quashing a subpoena."); *MCGIP, LLC v. Does 1–18*, No. C-11-1495 EMC, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[T]he merits of this case are not relevant to the issue of whether the subpoena is valid and enforceable."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *2 (D.D.C. May 12, 2011) (Howell, J.) ("A general denial of liability is not a basis for quashing the plaintiff's subpoena.").

The proper time to raise these factual denials is after Ms. Leal has actually been named as a party in this lawsuit— the latter being a step that Plaintiff may or may not choose to take based on its own evaluation of Ms. Leal's assertions. *Voltage Pictures*, 2011 WL 1807438, at *2; *see also Achte/Neunte Boll Kino Beteiligungs GMBH & Co.*, 736 F. Supp. 2d at 215 (denying motions to quash and stating that "such defenses are not at issue" before putative defendants are named parties); *Fonovisa, Inc. v. Does 1–9*, No. 07-1515, 2008 WL 919701, at *8 (W.D. Pa. Apr. 3, 2008) (denying motion to quash and stating that movant will be able to "raise, at the appropriate time [after being named as a party], any and all defenses, and may seek discovery in support of its defenses.").

## VI.     PLAINTIFF'S SUBPOENA IS NARROW IN SCOPE

Ms. Leal argues that the "requested subpoena is overly broad . . ." (Motion to Quash at 2.) The Court ordered that Plaintiff could only seek information that will help Plaintiff identify the unknown infringers. (ECF No. 7.) Plaintiff's subpoena request complied with the Court's order and is narrow in scope. Indeed, Plaintiff is only seeking basic identifying information associated with account holders in its subpoena.

## CONCLUSION

The Court should deny Ms. Leal's motion. Ms. Leal's motion is not before the proper court. Plaintiff's need for the information sought in the subpoena outweigh Ms. Leal's limited

7

privacy rights. Ms. Leal's jurisdiction and venue arguments are premature and erroneous. Joinder is proper at this early stage of litigation. Ms. Leal's factual denial is premature and not relevant to this motion. Plaintiff's subpoena is not overly broad. Ms. Leal's motion is partially moot to the extent that Ms. Leal already provided certain identifying information.

                Respectfully submitted,

                AF Holdings, LLC

DATED: December 12, 2011

By:   /s/ Joseph Perea
      Joseph Perea (Bar No. 47782)
      Prenda Law Inc.
      1111 Lincoln Road, Suite 400
      Miami Beach, Florida 33139
      Telephone: (305) 748-2102
      Telecopier: (305) 748-2103
      joperea@wefightpiracy.com
      *Attorney for Plaintiff*

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that on December 12, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                                              /s/ Joseph Perea
                                              Joseph Perea