UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-cv-23036–Civ–Hon. Federico A. Moreno

AF HOLDINGS, LLC,

    Plaintiff,

vs.

DOES 1 – 162,

    Defendants.

_____/

**PLAINTIFF'S RESPONSE TO MOTION TO QUASH, MOTION FOR PROTECTIVE ORDER, MOTION TO BE SEVERED FROM THE CASE, AND MOTION TO DISMISS THE COMPLAINT**

An anonymous individual ("Movant") claiming to be associated with Internet Protocol ("IP") address 71.122.251.152 filed a motion in response to the subpoena issued to Verizon Online ("Verizon"). (ECF No. 12, Nov. 30, 2011 [hereinafter "Motion to Quash"].) Movant claims that his motion should be granted for "1) lack of jurisdiction over [Movant], 2) improper venue, 3) insufficiency of process, 4) insufficiency of service of process, 5) failure to state a cause of action, and 6) failure to join indispensible parties." (*Id.* at 1.) With the exception of the jurisdictional argument, however, Movant does not provide support or even address these arguments any further in his motion. Instead, Movant's arguments consist mostly of *ad hominem* attacks against Plaintiff. These attacks are not a basis for granting the motion that Movant brings. Plaintiff will respond to the legal arguments that Movant actually makes.

**ARGUMENT**

This brief consists of seven parts. Part I argues that Movant failed to comply with Federal Rule of Civil Procedure 11. Part II argues that Movant lacks standing to bring this motion. Part

III argues the Movant has brought this motion before the wrong court. Part IV argues that joinder at this early stage of the litigation is proper. Part V argues that Movant's personal jurisdiction argument is premature. Part VI argues that Plaintiff's need for the information sought in the subpoena outweighs Movant's limited privacy interest. Part VII argues that Movant's *ad hominem* attacks are not a basis for the quashing of the subpoena.

### I.   MOVANT'S MOTION SHOULD BE STRICKEN FOR FAILURE TO COMPLY WITH FEDERAL RULE OF CIVIL PROCEDURE 11

Movant fails to provide any identifying information sufficient to satisfy the Federal Rules of Civil Procedure. Fed. R. Civ. P. 11 provides that "[e]very pleading, written motion, and other paper must be signed" and "must state the signer's address, e-mail address, and telephone number." Fed. R. Civ. P. 11(a). This rule is intended to maintain the integrity of the system of federal practice and procedure, deter baseless filings, and streamline the administration and procedure of federal courts. *Business Guides, Inc. v. Chromatic Commc'ns Enters., Inc.*, 498 U.S. 533, 552 (1990); *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990). "[P]arties to a lawsuit must typically openly identify themselves in their pleadings to 'protect[] the public's legitimate interest in knowing all of the facts involved, including the identities of the parties.'" *United States v. Microsoft Corp.*, 56 F.3d 1448, 1463 (D.C. Cir. 1995) (citing *Doe v. Frank*, 951 F.2d 320, 322 (11th Cir. 1992)); *see also Qualls v. Rumsfeld*, 228 F.R.D. 8, 10 (D.D.C. 2005). The Honorable Judge William Alsup explained the importance of Rule 11's signature requirements in another copyright infringement case, *IO Group, Inc. v. Does 1–244*, No. C 10-03647 WHA (N.D. Cal. May 10, 2011): "There is no way to determine whether the motion was filed by a real party in interest or a stranger to the litigation. As such, the filing is improper. . . . If Possible John Doe wishes to appear in this action anonymously or otherwise, he or she must follow the proper procedures for doing so." The same concerns are present here.

Allowing anonymous persons to litigate before a court raises many issues, including the risk that persons without any connection to a case whatsoever submit pleadings that affect the future course of litigation for actual parties to the case. Courts in other jurisdictions have applied this principle. *Hard Drive Productions, Inc., v. Does 1-21*, No. 11-cv-00059 SEB (S.D. Ind. July 27, 2011), ECF No. 22. ("[T]he Court cannot permit anonymous persons to litigate before it *pro se*.") *Pink Lotus Entertainment, LLC, v. John Does 1-53*, No. 11-cv-22103 (S.D. Fla. Sept. 6, 2011), ECF No. 19 (Striking a motion to dismiss because the anonymous John Doe failed to comply with Rule 11 of the Federal Rules of Civil Procedure). Movant fails to provide a name (or signature), address, e-mail address, telephone number, or even a copy of any legal documents (such as the subpoena) he has received in this case. This Court cannot be sure that Movant has any legal status in this case. Movant could be anyone—perhaps someone who simply dislikes copyright infringement lawsuits. Movant could claim anything he wanted in a Motion and face no responsibility for what was asserted. The Court has a responsibility to the parties in a lawsuit to protect them from baseless accusations and unnecessary litigation. *Hard Drive Productions, Inc.*, No. 11-cv-00059 ("The Court must be informed as to the identity of the parties before it for whole host of good reasons, including but not limited to the need to make service of its orders, enforce its orders, and ensure that the Court's resources (and the public tax dollars that fund those resources) are not misspent on groundless litigation.") The Court should strike Movant's motion for failure to comply with this essential rule.

## II.     MOVANT LACKS STANDING TO BRING HIS MOTION TO QUASH

Movant's motion to quash should be denied because Movant lacks standing to bring it. When a subpoena is directed to a nonparty, any motion to quash or modify the subpoena generally must be brought by that nonparty. 9 James Wm. Moore, et al., *Moore's Federal*

*Practice* § 45.50[3]; *see also Brown v. Braddick*, 595 F.2d 961, 967 (5th Cir. 1979); *Shepherd v. Castle*, 20 F.R.D. 184, 188 (W.D. Mo. 1957); *Thomas v. Marina Assocs.*, 202 F.R.D. 433, 434 (D. Pa. 2001) (citing *Windsor v. Martindale*, 175 F.R.D. 665, 668 (D. Colo. 1997)).

In particular, a party to the action does not have standing to assert any rights of the nonparty as a basis for a motion to quash or modify a subpoena. *Vogue Instrument Corp v. LEM Instruments Corp.*, 41 F.R.D. 346, 348 (S.D.N.Y. 1967) (explaining that persons "who were neither the persons to whom subpoenas were directed nor in possession or control of the documents sought by subpoena *duces tecum* lacked standing to move to quash the subpoenas.") All subpoenas issued pursuant to the Court's October 18 Order (ECF No. 7) have been issued to nonparty Internet Service Providers ("ISPs"). The ISP that provides Internet access to Movant is the entity to which the specific subpoena at issue was directed, and the ISP is also the entity in possession and control of the information sought in the subpoena—not Movant.

The application of this well-established rule would not leave ISP subscribers without recourse, as an exception to this general rule may be applicable under certain circumstances. The exhaustive list of situations in which a court may quash or modify a subpoena is set forth in Fed. R. Civ. P. 45(c)(3). The only exception applicable to Movant is if he had brought the motion to quash on the basis that the subpoena "requires disclosure of privileged or other protected matter, if no exception or waiver applies." Fed. R. Civ. P. 45(c)(3)(A)(iii). "If . . . a party claims a personal right or privilege regarding the production . . . sought by a subpoena directed to a nonparty, the party has standing to move to quash or modify the subpoena." *Moore's Federal Practice* § 45.50[3]; *see also Thomas*, 202 F.R.D. at 434. Movant failed to claim a personal right of privilege anywhere in his motion. (*See generally* Motion to Quash.) Movant's motion should therefore be denied, as he lacks standing to bring any argument to quash or modify the subpoena.

### III. MOVANT'S MOTION IS NOT BEFORE THE PROPER COURT

Federal courts do not have statutory authority to quash or modify a subpoena issued from another district. Fed. R. Civ. P. 45(c)(3)(A) ("On timely motion, the *issuing court* must quash or modify a subpoena that . . .") (emphasis added); *Pacific Century International, Ltd., v. Does 1-30*, No. 11-3035 (S.D. Tex. Nov. 16, 2011), ECF No. 10 ("[t]he authority to rule on motions regarding subpoenas is vested in the court for the district from which they are issued.") Movant's ISP is Verizon. The subpoena to Verizon was issued from the Northern District of Illinois to best facilitate service on authorized agents. *See In re Sealed Case*, 141 F.3d at 342 (writing that the vesting of powers regarding subpoenas in the subpoena-issuing court "affords the nonparty deponent . . . territorial protection"). Although the authorization to serve Rule 45 subpoenas comes from this Court, the power to quash or enforce those subpoenas lies solely with the courts from which the relevant subpoenas were issued. *SEC v. CMKM Diamonds, Inc.*, 2011 U.S. App. LEXIS 17833, *7-8 (9th Cir. Aug. 26, 2011) ("On the basis of the clear language of Rule 45, we must hold that the court that issued the subpoena, and not the court where the underlying action is pending, can entertain a motion to quash or modify a subpoena.")

Further, district courts generally lack authority to transfer motions to quash to another district. *In re Sealed Case*, 141 F.3d 337, 341 (D.C. Cir. 1998) ("only the issuing court has the power to act on its subpoenas . . . and nothing in the rules even hints that any other court may be given the power to quash or enforce them."); *see also IO Group v. J.W.*, No. C-10-05821, 2011 WL 237673, at *1 (N.D. Cal. Jan. 24, 2011) (citing *In re Sealed Case* in concluding that the motion to quash failed because it was not filed in the proper court). Because Movant failed to bring the Motion before the court that issued the subpoena, this Court lacks the statutory authority to quash the subpoena at issue in this case.

## IV.      JOINDER IS PROPER AT THIS EARLY STAGE OF THE LITIGATION

Movant argues that Plaintiff's has improperly joined the Defendants in this case. (Motion to Quash ¶ 13.) Specifically, Movant claims that, "Plaintiff has made no allegation that any copy of the work [the individual Defendants] downloaded came jointly from any of the Doe defendants." (Motion to Quash at 40.) This is incorrect; Plaintiff has exhaustively alleged joint collaboration among Defendants in this case. (*See* Compl. ¶ 9) (explaining that "Defendants intentionally entered and participated in a single BitTorrent swarm that was formed for the purpose of exchanging pieces of a file that was unique to the swarm."); (*See* Compl. ¶ 10) (stating that the "Defendants intentionally entered a swarm for the *purpose of collaborating with the other Defendants* and number third parties to conduct illegal distribution and reproduction of the particular Video file.") (emphasis added); (See Compl. ¶ 40) ("In using the peer-to-peer BitTorrent file distribution method, *each Defendant engaged in a concerted action with other Defendants* and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging prices of the Video file in the torrent swarm.") (emphasis added).

In support of his misjoinder argument, Movant offers up numerous cases involving different file transfer protocols, different pleadings and different procedural contexts. Movant cites to an order from the Honorable Judge Baker in *VPR Internationale, v. Does 1-1017*, 11 C 2068, 2011 U.S. Dist. LEXIS 64656 (N.D. Ill. Apr. 29, 2011). (Motion to Quash ¶ 24.) What Movant fails to tell the Court was that this case was decided in the context of a motion for discovery in a class action case. This motion involved entirely different issues (e.g. whether a class action procedural framework could *possibly* be used to pursue anonymous copyright infringers) *See Order on Petition for Writ of Mandamus*, *In re: VPR Internationale*, No. 11-2257

6

(7th Cir. June 10, 2011). This analysis is completely inapplicable to this case, which does not involve class allegations.

Movant also cites to the decisions in *Laface Records, LLC v. Does 1-38*, 2008 U.S. Dist. LEXIS 14544 (E.D.N.C. 2008), *BMG Music v. Does 1-4*, 2006 U.S. Dist. LEXIS 53237, No. 06-01579 (N.D. Cal. 2006), *Interscope Records v. Does 1-25*, 2004 U.S. Dist. LEXIS 27782 (M.D. Fla. 2004), and the General Order, *In re Cases Filed by Recording Companies*.[1] (Motion to Quash ¶ 31). These cases are plainly distinguishable from the instant case. The plaintiffs in those cases did not allege any collaboration among the defendants, much less infringement of the *same copyrighted work*. For example, in *BMG*, Doe #2 was alleged to have infringed on recordings by MC Lyte, LL Cool J, Mariah Carey and Busta Rhymes, while Doe #3 was alleged to have infringed on recordings by Ideal, Kelly Price, Mary J. Blige, Pink, SWV and Usher—no overlap whatsoever. Complaint for Copyright Infringement, Exhibit A, *BMG Music*, No. 3:06-cv-01579, ECF No. 1 (alleging only that the defendants committed violations of the same law by the same means.). Further, the copyrights to the various recordings were held by a variety of recording companies. *Id*. This stands in stark contrast to Plaintiff's pleading where it is alleged that Defendants violated a *single* copyright work, belonging to a *single* Plaintiff, and that the infringers *actually interacted with each other* in a single BitTorrent swarm. (ECF No. 1.)

Movant argues that even with these technical differences aside, "the individual Defendants still have no knowledge of each other, nor do they control how the [BitTorrent] protocol works . . ." (Motion to Quash ¶ 40.) However, neither of these concerns addresses the standard that must be met to establish joinder. The court in *Patrick Collins v. Does 1-2590*, 2011

---

[1] Filed in *Fonovisa, Inc. et al. v. Does 1-41* (No. A-04-CA-550 LY), *Atlantic Recording Corporation, et al. v. Does 1-151* (No. A-04-CA-636 SS), *Elektra Entertainment Group, Inc. et al. v. Does 1-11* (No. A-04-CA-703 LY), *UMG Recordings, Inc., et al. v. Does 1-51* (No. A-04-CA-704 LY) (W.D. Tex. Nov. 17, 2004) and *Twentieth Century Fox Film Corp. v. Does 1-12*, No. C 04-04862 WHA (N.D. Cal. 2004).

WL 4407172, *4 (N.D. Cal. 2011) explains that "[t]he Ninth Circuit has interpreted the phrase 'same transaction, occurrence, or series of transactions or occurrences' to require a degree of factual commonality underlying the claims." (citing *Coughlin v. Rogers*, 130 F.3d 1348, 1350 (9th Cir.1997)). The standard, therefore, is not how much the Defendants knew about their joint collaboration, but instead how factually related Plaintiff's claims are. Plaintiff has met this standard for joinder because the claims against the Defendants in this case are identical and highly related.

Movant takes issue with the fact that infringement by the Doe Defendants took place over an extended period of time and any individual Doe Defendant did not necessary interact with every other Doe Defendant. (Mot. to Quash ¶¶ 34-37.) However, this temporal concern does not defeat the "transaction or occurrence" element of the legal standard for assessing the propriety of permissive joinder. To aid in their application of the "transaction or occurrence test," courts look to how the test is applied in other provisions of the Federal Rules, such as Rule 13(a). *Mosley v. General Motors Corporation*, 497 F.2d 1330, 1332-33 (8th Cir. 1974). The Supreme Court states that the meaning of "transaction", as used in Rule 13(a), "may comprehend a series of many occurrences, depending not so much upon the immediateness of their own connection as upon their logical relationship." *Moore v. New York Cotton Exchange*, 270 U.S. 593, 610 (1926). Accordingly, "Rule 20 would permit all reasonably related claims by or against different parties to be tried in a single proceeding. Absolute identity of all events is unnecessary." *Mosley*, 497 F.2d at 1333. Participation in a single swarm establishes this logical relationship. *See Patrick Collins, Inc. v. Does 1-2,590*, No. C 11-02766 MEJ, 2011 WL 3740487 *6 (N.D. Cal. Aug. 24, 2011) ("[T]he Court finds that Plaintiff has at least presented a reasonable basis to argue that the BitTorrent protocol functions in such a way that peers in a single swarm downloading or

uploading a piece of the same seed file may fall within the definition of "same transaction, occurrence, or series of transactions or occurrences" for purposes of Rule 20(a)(1)(A)).

Finally, the majority of courts across the country, considering cases with nearly identical facts, however, have decided that joinder is proper at this stage in the litigation. *First Time Videos, LLC, v. Does 1-76*, 11 C 3831 (N.D. Ill. (Aug. 16, 2011), ECF No. 38 at *10 ("[I]n any event, findings of misjoinder in such cases are rare. The overwhelming majority of courts have denied as premature motions to sever prior to discovery."); *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873 (BAH), 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding joinder "proper" at early stage of litigation, even where movant's assertion of misjoinder "may be meritorious."); *Hard Drive Productions, Inc., v. Does 1-46*, C-11-1959 EMC, ECF No. 22 at *2 (N.D. Cal. June 23, 2011) ("At this state in the litigation, when discovery is underway only to learn identifying facts necessary to permit service on Doe defendants, joinder of unknown parties identified only by IP addresses is proper."); *First Time Videos, LLC v. Does 1-500*, 10 C 6254, 2011 WL 3498227 (N.D. Ill. Aug. 9, 2011) (Castillo, J.), ECF No. 151 at *20-21 ("joinder at this stage is consistent with fairness to the parties and in the interest of convenience and judicial economy because joinder will secure the just, speedy, and inexpensive conclusion for both [Plaintiff] and any future named defendants."). This court should follow the wisdom of these courts and find that joinder is proper at this stage of the litigation.

### V.  MOVANT'S CHALLENGE TO PERSONAL JURISDICTION IS PREMATURE

Movant argues that his motion should be granted because the Court lacks jurisdiction over Movant (Motion to Quash at 1) and that "Plaintiff knows that many of the Doe defendants do not reside within the court's jurisdiction . . ." (Motion to Quash ¶ 39.) The challenge to personal jurisdiction is premature at this stage of the litigation, when the Court has limited means

9

to evaluate Movant's specific connections with this forum. *E.g.*, *MCGIP, LLC v. Does 1–14*, No. 11-cv-2887 (N.D. Ill. July 26, 2011) (Lindberg, J) ("[T]he Does argue that this Court may lack personal jurisdiction over them . . . . [This] argument is premature."); *MGCIP* [sic] *v. Does 1–316*, No. 10-C-6677, 2011 WL 2292958, at*2 (N.D. Ill. June 9, 2011) (Kendall, J.) (denying multiple motions to dismiss for lack of personal jurisdiction as "premature" in a similar factual and procedural context); *Virgin Records Am., Inc. v. Does 1–35*, No. 05-1918, 2006 WL 1028956, at *3 (D.D.C. Apr. 18, 2006); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 180–81 (D. Mass 2008) (finding it "premature to adjudicate personal jurisdiction" on the available record). A court cannot properly assess a defendant's contacts with a forum until the defendant has at least been identified. *Virgin Records*, 2006 WL 1028956, at *3; *see also Sony Music Entm't, Inc. v. Does 1–40*, 326 F. Supp. 2d 556, 567 (S.D.N.Y. 2004) (holding that "without identifying information sought by plaintiffs in the [ISP] subpoena, it would be difficult to assess properly the existence of personal jurisdiction over the Doe defendants").

The Court currently has limited information to assess whether his jurisdictional defense is valid and to evaluate possible alternate bases to establish jurisdiction. *MGCIP* [sic], No. 10-C-6677, 2011 WL 2292958, at *2; *Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *9 (D.D.C. May 12, 2011); *see also, e.g.*, *London-Sire Records*, 542 F. Supp. 2d at 181 ("Even taking all of the facts in [movant's] application as true, it is possible that the Court properly has personal jurisdiction."). Plaintiff will be able to proceed only against named defendants over whom this court has personal jurisdiction. *Call of the Wild Movie v. Does 1–1,062*, No. 10-455, 2011 WL 996786, at *9 (D.D.C. Mar. 22, 2011). After the defendants are named and served, they will have an opportunity to file appropriate motions challenging this Court's jurisdiction and that will be the appropriate time for the resolution of this issue. *MGCIP*

[sic], No. 10-C-6677, 2011 WL 2292958, at *2; *Call of the Wild Movie*, 2011 WL 996786, at *9; *see also MCGIP, LLC*, No. 11-cv-2887; *Virgin Records*, 2006 WL 1028956, at *3. Until that time, however, Movant's personal jurisdiction argument is premature.

### VI.   PLAINTIFF'S NEED FOR THE INFORMATION SOUGHT IN THE SUBPOENA OUTWEIGHS MOVANT'S LIMITED PRIVACY INTEREST

Movant argues that he has a First Amendment right to anonymous speech over Internet. (Motion to Quash ¶ 41.) Plaintiff has shown a legitimate need for discovery of Movant's identity that outweighs Movant's limited privacy interest and his limited right to anonymous speech. *MCGIP, LLC v. Does 1-14*, 11 C 2887, at *2 (N.D. Ill. July 26, 2011) (Lindberg, J.), ECF No. 19 ("This Court agrees with the courts that have held that even the limited First Amendment privacy interest held by individuals who legally share electronic files is outweighed by the plaintiff's need for discovery of alleged copyright infringers' identifies.") As the Honorable District Court Judge Edward M. Chen pointed out in *UMG Recordings, Inc. v. Does 1–4*, Doe Defendants who "open[ed] their computers to others through peer-to-peer sharing had little expectation of privacy." No. 06-0652, 2006 WL 1343597, at *2 (N.D. Cal. Mar. 6, 2006). Movant falls under this purview for the same reasons here. Federal courts across the nation have repeatedly held that individuals who use the Internet to download or distribute copyrighted works without permission are engaging in the exercise of speech, but only to a very limited extent, and the First Amendment does not protect that person's identity from disclosure. *See, e.g.*, *id*.at *2 (applying the *Sony Music* factors and allowing discovery of Doe defendants' identities); *Sony Music Entm't v. Does 1–40*,326 F. Supp. 2d 556, 558 (S.D.N.Y. 2004) ("[D]efendants' First Amendment right to remain anonymous must give way to plaintiffs' right to use the judicial process to pursue what appear to be meritorious copyright infringement claims."); *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 118–19 (2d Cir. 2010) (concluding that plaintiff's need for discovery of alleged

infringer's identity outweighed defendant's First Amendment right to anonymity); *Arista Records, LLC v. Does 1–19*, 551 F. Supp. 2d 1, 8 (D.D.C. 2008) ("[C]ourts have routinely held that a defendant's First Amendment privacy interests are exceedingly small where the 'speech' is the alleged infringement of copyrights.").

Movant cannot cloak his identity in the First Amendment when his infringing activities are not private. *MCGIP, LLC v. Does 1–18*, No. 11-1495, 2011 WL 2181620, at *1 (N.D. Cal. June 2, 2011) (Chen, J.) ("[I]t is difficult to say that Doe had a strong expectation of privacy because he or she either opened his or her computer to others through file sharing or allowed another person to do so."); *see also Voltage Pictures, LLC v. Does 1–5,000*, No. 10-0873, 2011 WL 1807438, at *4 (D.D.C. May 12, 2011) (finding movants' rights to anonymity to be minimal); *In re Verizon Internet Servs., Inc.*, 257 F. Supp. 2d 244, 267 (D.D.C. 2003) ("[I]f an individual subscriber opens his computer to permit others, through peer-to-peer file-sharing, to download materials from that computer, it is hard to understand just what privacy expectation he or she has after essentially opening the computer to the world."), *rev'd on other grounds sub nom, Recording Indus. Ass'n of Am., Inc. v. Verizon Internet Servs., Inc.*, 351 F.3d 1229 (D.C. Cir. 2003). Because Movant's limited privacy interest must give way in light of Plaintiff's *prima facie* showing of copyright infringement, the Court should deny Movant's motion.

### VII. MOVANT'S *AD HOMINEM* ATTACKS ON PLAINTIFF DO NOT PROVIDE A BASIS FOR QUASHING THE SUBPOENA

Movant accuses makes numerous *ad hominem* attacks against Plaintiff and Plaintiff's counsel. These include that: this lawsuit is "abuse of legal system" (Motion to Quash ¶¶ 10, 55), the lawsuit amounts to "extortion" (*id.* ¶¶ 10-12, 51), Plaintiff tactics are "tantamount to entrapment" (*id.* ¶ 12), the lawsuit is simply a "fishing expedition" (*id.* ¶¶ 16, 18), Plaintiff "send[s] out settlement letters attempt to scare Doe defendant into paying to make the case go

12

away, regardless of truly being guilty" (*id.* ¶ 39), Plaintiff is taking a "dragnet approach to litigation" (*id.* ¶ 42), Plaintiff will "threaten" to file a lawsuit against the Doe Defendants (*id.* ¶ 51), and that "[i]n this particular case there is also the 'name and shame' issue associated with being tied into a lawsuit from a porn peddler who probably seeded the file in the first place to increase their revenues which is a twisted sort of entrapment." (*Id.* ¶ 51.) Movant even brings the very serious charge of sanctions against Plaintiff's attorneys. (*Id.* ¶ 16.) Not only does Movant fail to provide any evidence for these vicious claims, but the list of permissible grounds for quashing or modifying a subpoena does not include *ad hominem* attacks. *See* Fed. R. Civ. P. 45(c)(3). These attacks highlight the problem with allowing completely anonymous individuals to litigate in the place of actual parties in a lawsuit. Movant can claim any baseless thing he wants, and face absolutely no responsibility for it.

Movant confuses Plaintiff's counsel with other attorneys that have also filed copyright infringement lawsuits, such as Mr. M. Keith Lipscomb and Mr. O'Brian. (Motion to Quash ¶ 14.) Movant claims Plaintiff's counsel will "not have any hearings on the merits of any Motions to Quash etc, [and] dismiss the case before any negative precedent is set that might block future serial filings . . ." (*Id.*) Plaintiff, by way of filing this response, demonstrates its resolve to prosecute Movant's infringing activities and would welcome an open hearing before the Court on Movant's motion.

To further add confusion to Movant's arguments, he simultaneously argues that "Plaintiff has no intention of naming any of the Doe defendants, much less bringing them to an actual trial after they obtain this information and settlement efforts fail" (*id.* ¶ 39) and yet repeatedly claims that he fears being personally named in this lawsuit. (*Id.* ¶¶ 17, 51.) It seems illogical to fear something that one believes will never happen.

13

## CONCLUSION

The Court should deny Movant's motion. Movant's *ad hominem* attacks and faulty arguments, combined with his numerous procedural violations, do not permit the Court to grant Movant's requested remedies. Over 200 years ago, the framers of the U.S. Constitution recognized that written works and other forms of artistic expression were deserving of legal protection. U.S. Const. art. I, § 8. These fundamental principles regarding protecting and fostering artistic creation did not disappear simply because artistic works have transitioned from tangible to digital. *See Metro-Goldwyn-Mayer Studios Inc. v. Grokster, Ltd.*, 545 U.S. 913, 928–29 (2005) (citing the concern that "digital distribution of copyrighted material threatens copyright holders as never before"). The digital age, however, has allowed infringement to occur on a massive scale. Plaintiff's counsel is attempting to stem the tide of unabashed copyrighted infringement via BitTorrent. While Movant goes to great lengths to portray Plaintiff and Plaintiff's counsel in a negative light, there is nothing wrong with a company intent on protecting its intellectual property—except, of course, from the perspective of an infringer.

Respectfully submitted,

AF Holdings, LLC

DATED: December 12, 2011

By:   /s/ Joseph Perea
      Joseph Perea (Bar No. 47782)
      Prenda Law Inc.
      1111 Lincoln Road, Suite 400
      Miami Beach, Florida 33139
      Telephone: (305) 748-2102
      Telecopier: (305) 748-2103
      joperea@wefightpiracy.com
      *Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

  The undersigned hereby certifies that on December 12, 2011, all counsel of record who are deemed to have consented to electronic service are being served a true and correct copy of the foregoing document using the Court's CM/ECF system.

                /s/ Joseph Perea
                Joseph Perea