# ANSWER

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

**Case No. [ ]–Civ–[ ]/[ ]   Docket No.: 1:11-cv-23036-FAM**
**Comcast File#:   31537**

**AF HOLDINGS LLC,**
**Plaintiff,**
**vs.**
**DOES 1 – 162,**
**Defendants.**

**PLAINTIFF'S CORPORATE DISCLOSURE STATEMENT**
**PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1**

*Plaintiff AF Holdings LLC does not have a parent corporation. No publicly held company owns 10% or more of Plaintiff's stock.*

*Respectfully submitted,*

AF Holdings LLC.
DATED: August 16, 2011
By: /s/ Neil H. Rubin
NEIL H. RUBIN—Florida Bar No. 416952
Attorney E-Mail Address:
nhrubin@neilrubinlaw.com
Rubin & Bickman, PLLC
Historic City Hall
1130 Washington Avenue—Fourth Floor
Miami Beach, Florida 33139-4600
Telephone: (305) 672-7200 Extension '2'
Telecopier: (305) 672-0101

*Attorney for Plaintiff*

Please Send Correspondence to
John Doe :EMAIL Address

lawyer1@hushmail.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day served <u>NEIL H. RUBIN</u>-

FLORIDA BAR NO.416952

ATTORNEY E-MAIL ADDRESS:

<u>nhrubin@neilrubinlaw.com</u>

RUBIN & BICKMAN, PLLC

HISTORIC CITY HALL

1130 WASHINGTON AVENUE---FOURTH FLOOR

MIAMI BEACH, FLORIDA 33139-4600

TELEPHONE: (305) 672-7200 EXTENSION '2'

TELECOPIER: (305) 672-0101

*ATTORNEY FOR PLANTIFF*

*Send correspondence to:*

**<u>John Doe: email account</u>**

*Lawyer1@hushmail.com*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. [          ]–Civ–[          ]/[          ]

AF HOLDINGS LLC,

        Plaintiff,

vs.

DOES 1 – 162,

        Defendants.

_____

## COMPLAINT — JURY TRIAL DEMANDED

Plaintiff AF Holdings LLC, through its undersigned counsel, hereby files this Complaint requesting damages and injunctive relief, and alleges as follows:

### NATURE OF THE CASE

1.    Plaintiff files this action for copyright infringement under the United States Copyright Act and a related civil conspiracy claim under the common law to combat the willful and intentional infringement of its creative works. Defendants, whose names Plaintiff expects to ascertain during discovery, illegally reproduced and distributed Plaintiff's copyrighted Video by acting in concert via the BitTorrent file sharing protocol and, upon information and belief, continue to do the same. Plaintiff seeks a permanent injunction, statutory or actual damages, award of costs and attorneys' fees, and other relief.

### THE PARTIES

2.    Plaintiff AF Holdings LLC, is a limited liability company organized and existing under the laws of the Federation of Saint Kitts and Nevis. Plaintiff is the exclusive holder of the relevant rights with respect to the copyrighted creative work at issue in this Complaint.

1

3.     The unique copyrighted work at issue in this case is an adult video entitled "Sexual Obsession" [hereinafter "Video"]. The Video was available for download from well-known BitTorrent piracy sites within days of its publication and was among the most popular adult video downloads on a highly popular BitTorrent site–the appropriately named "Pirate Bay".

4.     Defendants' actual names are unknown to Plaintiff. Instead, each Defendant is known to Plaintiff only by an Internet Protocol address ("IP address"), which is a number assigned to devices, such as computers, connected to the Internet. In the course of monitoring Internet-based infringement of its copyrighted content, Plaintiff's agents observed unlawful reproduction and distribution occurring among the IP addresses listed on Exhibit A, attached hereto, via Bit Torrent protocol. Plaintiff cannot ascertain Defendants' actual identities without information from Defendants' Internet Service Providers ("ISPs").

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction over the copyright infringement claim under 17 U.S.C. §§ 101, *et seq.*, (the Copyright Act), 28 U.S.C. § 1331 (actions arising under the laws of the United States), and 28 U.S.C. § 1338(a) (actions arising under an Act of Congress relating to copyrights). This Court has supplemental jurisdiction over the civil conspiracy claim under 28 U.S.C. § 1367(a) because it is so related to Plaintiff's copyright infringement claim, which is within this Court's original jurisdiction, that the two claims form part of the same case and controversy under Article III of the United States Constitution.

6.     This Court has personal jurisdiction because upon information and belief, all Defendants either reside or committed copyright infringement in the State of Florida. Plaintiff used geolocation technology to trace IP addresses of each Defendant to a point of origin within the State of Florida. Geolocation is a method for ascertaining the likely geographic region

2

associated with a given IP address at a given date and time. Although not a litmus test for personal jurisdiction, the use of geolocation gives Plaintiff good cause for asserting that personal jurisdiction is proper over the Defendants.

7.     In the alternative, this Court has personal jurisdiction over non-resident Defendants, if any, under the Florida long-arm statute, Fla. Stat. § 48.193(1)(b), because they downloaded copyrighted content from or uploaded it to Florida residents, thus committing a tortious act within the meaning of the statute, and because they participated in a civil conspiracy to commit copyright infringement with Florida residents.

8.     Venue is properly founded in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and 1400(a) because Defendants reside in this District, may be found in this District, or a substantial part of the events giving rise to the claims in this action occurred within this District.

## JOINDER

9.     Joinder of Defendants is proper because they engaged in a series of transactions to illegally reproduce and distribute the Video. Specifically, the Defendants intentionally entered and participated in a single BitTorrent swarm that was formed for the purpose of exchanging pieces of a file that was unique to the swarm. The file, in this case, was a specific digital reproduction of the Video. The series of transactions in this case involved exchanging pieces of the Video file with other Defendants in the group of individuals who were sharing pieces of the file among one another (i.e. the swarm) to obtain a complete copy of the Video. Plaintiff's agents observed multiple swarms involved in reproducing and distributing the Video, but the Defendants in this action joined in one swarm.

10.     Joinder is also proper because Defendants participated in a civil conspiracy to illegally reproduce and distribute the video. The Defendants intentionally entered a swarm for

3

the purpose of collaborating with the other Defendants and numerous third parties to conduct illegal distribution and reproduction of the particular Video file. The Defendants were collectively engaged in the conspiracy even if they were not engaged in the swarm contemporaneously because they all took concerted action that contributed to the chain of data distribution. Plaintiff has asserted a right to relief jointly and severally against the Doe Defendants.

11.     Joinder is also proper at the early stage of the litigation because, upon information and belief, a single individual can be associated with multiple IP addresses. Due to the dynamic nature of most consumer IP address assignments, an individual's IP address can change frequently. Thus, Plaintiff's monitoring software, which identifies infringing activity by IP address, may identify multiple instances of infringing activity that are actually associated with a single individual. In other words, it is likely that multiple Does (i.e. IP addresses listed on Exhibit A) are, in fact, a single individual. For example, in the past, a single individual was associated with nearly one-third of the IP addresses contained in an initial complaint. Joinder of identical claims against a single individual is encouraged under the Federal Rules and conserves the resources of this Court.

12.     Finally, Defendants share the same questions of law with respect to copyright infringement, including but not limited to:

(A) Whether "copying" has occurred within the meaning of the Copyright Act;

(B) Whether entering a torrent swarm constitutes a willful act of infringement;

(C) Whether entering a torrent swarm constitutes a civil conspiracy; and

(D) Whether and to what extent Plaintiff has been damaged by the Defendant's conduct.

4

13.     Supporting the propriety of joinder in this case is the underlying nature of the

BitTorrent file distribution protocol. The BitTorrent protocol is different than the standard peer-

to-peer ("P2P") protocol used for such networks as Kazaa, Grokster and Limewire. Unlike

standard P2P networks, every BitTorrent downloader is also an uploader of the illegally

transferred file. Further, the BitTorrent protocol breaks an individual file into small pieces, which

are shared among a group of collaborators. Standard P2P protocols involve the one-to-one

transfer of whole files. Use of the BitTorrent protocol provides significant benefits to swarm

participants that derive from its distributed and collaborative nature, but it also makes its users

susceptible to joinder.

## BACKGROUND

14.     BitTorrent is a modern file sharing method ("protocol") used for distributing data

via the Internet.

15.     Traditional file transfer protocols involve a central server, which distributes data

directly to individual users. This method is prone to collapse when large numbers of users

request data from the central server, in which case the server can become overburdened and the

rate of data transmission can slow considerably or cease altogether. In addition, the reliability of

access to the data stored on a server is largely dependent on the server's ability to continue

functioning for prolonged periods of time under high resource demands.

16.     Standard P2P protocols involve a one-to-one transfer of whole files between a

single uploader and single downloader. Although standard P2P protocols solve some of the

issues associated with traditional file transfer protocols, these protocols still suffer from such

issues as scalability. For example, when a popular file is released (e.g. an illegal copy of the

latest blockbuster movie) the initial source of the file performs a one-to-one whole file transfer to

5

a third party, who then performs similar transfers. The one-to-one whole file transfer method can significantly delay the spread of a file across the world because the initial spread is so limited.

17.     In contrast, the BitTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute data among themselves. Further, the BitTorrent protocol involves breaking a single large file into many small pieces, which can be transferred much more quickly than a single large file and in turn redistributed much more quickly than a single large file. Moreover, each peer can download missing pieces of the file from multiple sources—often simultaneously—which causes transfers to be fast and reliable. After downloading a piece, a peer automatically becomes a source for the piece. This distribution method contrasts sharply with a one-to-one whole file transfer method.

18.     In BitTorrent vernacular, individual downloaders/distributors of a particular file are called peers. The group of peers involved in downloading/distributing a particular file is called a swarm. A server which stores a list of peers in a swarm is called a tracker. A computer program that implements the BitTorrent protocol is called a BitTorrent client. Each swarm is unique to a particular file.

19.     The BitTorrent protocol operates as follows. First, a user locates a small "torrent" file. This file contains information about the files to be shared and about the tracker, the computer that coordinates the file distribution. Second, the user loads the torrent file into a BitTorrent client, which automatically attempts to connect to the tracker listed in the torrent file. Third, the tracker responds with a list of peers and the BitTorrent client connects to those peers to begin downloading data from and distributing data to the other peers in the swarm. When the download is complete, the BitTorrent client continues distributing data to other peers in the

6

swarm until the user manually disconnects from the swarm or the BitTorrent client otherwise does the same.

20.     The degree of anonymity provided by the BitTorrent protocol is extremely low. Because the protocol is based on peers connecting to one another, a peer must broadcast identifying information (i.e. an IP address) before it can receive data. Nevertheless, the actual names of peers in a swarm are unknown, as the users are allowed to download and distribute under the cover of their IP addresses.

21.     The BitTorrent protocol is an extremely popular method for transferring data. The size of swarms for popular files can reach into the tens of thousands of unique peers. A swarm will commonly have peers from many, if not every, state in the United States and several countries around the world. And every peer in the swarm participates in distributing the file to dozens, hundreds, or even thousands of other peers.

22.     The BitTorrent protocol is also an extremely popular method for unlawfully copying, reproducing, and distributing files in violation of the copyright laws of the United States. A broad range of copyrighted albums, audiovisual files, photographs, software, and other forms of media are available for illegal reproduction and distribution via the BitTorrent protocol.

23.     Efforts at combating BitTorrent-based copyright infringement have been stymied by BitTorrent's decentralized nature. Because there are no central servers to enjoin from unlawfully distributing copyrighted content, there is no primary target on which to focus anti-piracy efforts. Indeed, the same decentralization that makes the BitTorrent protocol an extremely robust and efficient means of transferring enormous quantities of data also acts to insulate it from anti-piracy measures. This lawsuit is Plaintiff's only practical means of combating BitTorrent-based infringement of the Video.

7

## ALLEGATIONS COMMON TO ALL COUNTS

24.    Plaintiff is the assignee and owner of all right, title and interest worldwide in the Video and all proprietary rights therein including, without limitation, all copyrights and all past and future causes of action with respect to the same.

25.    Upon information and belief, Plaintiff received this assignment from the Video's author and/or assignees of the Video's author.

26.    The Video has been granted a Certificate of Registration from the U.S. Copyright Office (PA-1-725-120).

27.    The Video is legally available for purchase to bona fide purchasers, but was obtained by Defendants through illegal distribution means.

28.    The torrent file used to access the copyrighted material was named in a manner that would have provided an ordinary individual with notice that the Video was protected by the copyright laws.

29.    Plaintiff employs proprietary peer-to-peer network forensic software to perform exhaustive real time monitoring of BitTorrent-based swarms involved in distributing the Video. This software is effective in capturing data about the activity of peers in a swarm and their infringing conduct.

30.    Defendants, without Plaintiff's authorization or license, intentionally downloaded a torrent file particular to Plaintiff's Video, purposefully loaded that torrent file into their BitTorrent clients, entered a BitTorrent swarm particular to Plaintiff's Video, and reproduced and distributed the Video to numerous third parties.

31.    Plaintiff observed Defendants' activities in the torrent swarm specific to the Video and created a log of IP address identifying each Defendant and the date and time of Defendant's activity. attached hereto as Exhibit A.

8

## COUNT I – COPYRIGHT INFRINGEMENT

32.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if fully set forth fully herein.

33.     Defendants' conduct infringes upon Plaintiff's exclusive rights of reproduction and distribution that are protected under the Copyright Act.

34.     Each Defendant knew or had constructive knowledge that their acts constituted copyright infringement.

35.     Defendants' conduct was willful within the meaning of the Copyright Act: intentional, and with indifference to the Plaintiff's rights.

36.     Plaintiff has been damaged by Defendants' conduct, including but not limited to economic and reputation losses. Plaintiff continues to be damaged by such conduct, and has no adequate remedy at law to compensate the Plaintiff for all of the possible damages stemming from the Defendants' conduct.

37.     Plaintiff hereby reserves the right, pursuant to 17 U.S.C. § 504(c), to elect to recover statutory damages for each infringement, in lieu of seeking recovery of actual damages.

38.     As Defendants' infringement was intentional and willful, the Plaintiff is entitled to an award of statutory damages, exemplary damages, attorneys' fees, and the costs of the suit.

## COUNT II – CIVIL CONSPIRACY

39.     Plaintiff hereby incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

40.     In using the peer-to-peer BitTorrent file distribution method, each Defendant engaged in a concerted action with other Defendants and yet unnamed individuals to reproduce and distribute Plaintiff's Video by exchanging pieces of the Video file in the torrent swarm.

9

41.     Each of the Defendants downloaded a torrent file, opened it using a BitTorrent client, and then entered a torrent swarm comprised of other individuals distributing and reproducing Plaintiff's Video.

42.     Participants in the torrent swarm have conspired to provide other individuals with pieces of the Video in exchange for receiving other pieces of the same Video to eventually obtain a complete copy of the file.

43.     In furtherance of this civil conspiracy, Defendants committed overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others, and were willful participants in this joint activity.

44.     As a proximate result of this conspiracy, Plaintiff has been damaged, as is more fully alleged above.

## JURY DEMAND

45.     Plaintiff hereby demands a jury trial in this case.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests Judgment and relief as follows:

1)      Judgment against all Defendants that they have: a) willfully infringed Plaintiff's rights in federally registered copyrights pursuant to 17 U.S.C. § 501; and b) otherwise injured the business reputation and business of Plaintiff by Defendants' acts and conduct set forth in this Complaint;

2)      Judgment in favor of the Plaintiff against Defendants for actual damages or statutory damages pursuant to 17 U.S.C. § 504, at the election of Plaintiff, in an amount to be ascertained at trial;

10

3)  Order of impoundment under 17 U.S.C. §§ 503 & 509(a) impounding all infringing copies of Plaintiff's audiovisual works, photographs or other materials, which are in Defendants' possession or under their control;

4)  On Count II, an order that Defendants are jointly and severally liable to the Plaintiff in the full amount of the Judgment on the basis of a common law claim for civil conspiracy to commit copyright infringement; for an award of compensatory damages in favor of the Plaintiff and against Defendants, jointly and severally, in an amount to be determined at trial;

5)  Judgment in favor of Plaintiff against the Defendants awarding the Plaintiff attorneys' fees, litigation expenses (including fees and costs of expert witnesses), and other costs of this action; and

6)  Judgment in favor of the Plaintiff against the Defendant, awarding Plaintiff declaratory and injunctive or other equitable relief as may be just and warranted under the circumstances.

Respectfully submitted,

AF Holdings LLC

DATED: August 16, 2011

By:  /s/ Neil H. Rubin
     NEIL H. RUBIN—Florida Bar No. 416952
     Attorney E-Mail Address:
     nhrubin@neilrubinlaw.com
     Rubin & Bickman, PLLC
     Historic City Hall
     1130 Washington Avenue—Fourth Floor
     Miami Beach, Florida 33139-4600
     Telephone: (305) 672-7200 Extension '2'
     Telecopier: (305) 672-0101
     *Attorney for Plaintiff*

11

# EXHIBIT A

| IP Address | ISP | Date/Time (UTC) |
|---|---|---|
| 173.169.251.112 | Bright House Networks | 2011-04-23 02:36:51 PM |
| 173.169.63.190 | Bright House Networks | 2011-04-18 10:11:08 PM |
| 173.170.153.125 | Bright House Networks | 2011-05-13 02:07:44 AM |
| 173.170.244.80 | Bright House Networks | 2011-04-11 02:12:04 PM |
| 173.171.221.184 | Bright House Networks | 2011-04-11 02:45:28 PM |
| 173.21.127.163 | Mediacom Communications | 2011-03-31 09:05:16 PM |
| 173.21.143.70 | Mediacom Communications | 2011-04-09 07:40:46 PM |
| 173.65.120.175 | Verizon Online | 2011-04-12 05:33:24 AM |
| 173.65.133.145 | Verizon Online | 2011-04-06 05:54:19 PM |
| 173.65.181.243 | Verizon Online | 2011-06-12 07:56:40 PM |
| 173.65.210.46 | Verizon Online | 2011-04-10 04:46:55 PM |
| 173.78.109.31 | Verizon Online | 2011-05-07 03:34:08 PM |
| 173.78.11.172 | Verizon Online | 2011-04-22 12:33:37 AM |
| 174.134.247.133 | Bright House Networks | 2011-05-14 01:13:27 AM |
| 174.48.221.145 | Comcast Cable Communications | 2011-04-29 04:07:39 PM |
| 174.61.126.20 | Comcast Cable Communications | 2011-05-27 03:48:23 AM |
| 184.32.176.96 | BellSouth.net | 2011-04-12 02:58:21 AM |
| 184.91.120.211 | Bright House Networks | 2011-05-12 03:30:01 AM |
| 184.91.134.63 | Bright House Networks | 2011-05-10 03:29:31 AM |
| 184.91.225.202 | Bright House Networks | 2011-04-08 07:23:41 PM |
| 184.91.54.112 | Bright House Networks | 2011-04-01 06:34:48 PM |
| 207.244.179.115 | Atlantic Broadband Finance | 2011-05-07 05:43:11 PM |
| 24.110.43.114 | Bright House Networks | 2011-04-11 07:13:48 AM |
| 24.127.213.97 | Comcast Cable Communications | 2011-04-06 11:53:39 AM |
| 24.129.107.237 | Comcast Cable Communications | 2011-04-10 02:36:06 AM |
| 24.129.26.177 | Comcast Cable Communications | 2011-04-18 06:34:03 AM |
| 24.136.39.114 | Cox Communications | 2011-04-13 05:26:45 AM |
| 24.136.39.240 | Cox Communications | 2011-04-15 05:39:54 AM |
| 24.164.36.244 | Bright House Networks | 2011-04-02 04:02:52 AM |
| 24.250.204.148 | Cox Communications | 2011-04-16 04:11:09 AM |
| 24.26.74.23 | Bright House Networks | 2011-03-31 11:42:32 PM |
| 24.73.220.158 | Bright House Networks | 2011-04-21 12:35:59 PM |
| 24.73.80.94 | Bright House Networks | 2011-04-22 08:50:21 AM |
| 24.96.100.4 | Knology | 2011-04-09 09:02:20 AM |
| 50.80.178.93 | Mediacom Communications | 2011-05-28 01:38:40 AM |
| 50.88.218.188 | Bright House Networks | 2011-04-18 12:56:24 AM |
| 50.88.60.23 | Bright House Networks | 2011-05-08 09:35:42 AM |
| 50.89.165.30 | Bright House Networks | 2011-04-30 01:42:38 PM |
| 50.90.133.69 | Bright House Networks | 2011-04-06 07:53:54 PM |
| 50.90.68.70 | Bright House Networks | 2011-05-18 07:06:18 AM |
| 65.32.125.193 | Bright House Networks | 2011-05-17 07:51:30 AM |
| 65.32.185.156 | Bright House Networks | 2011-04-09 08:49:39 AM |
| 65.32.225.24 | Bright House Networks | 2011-05-19 10:49:59 PM |
| 65.32.45.29 | Bright House Networks | 2011-04-12 10:23:05 AM |
| 65.32.51.47 | Bright House Networks | 2011-05-31 12:14:56 AM |
| 65.34.175.8 | Comcast Cable Communications | 2011-04-02 05:58:24 AM |

| | | |
|---|---|---|
| 65.35.206.28 | Bright House Networks | 2011-04-23 09:19:01 PM |
| 65.35.251.114 | Bright House Networks | 2011-04-08 01:52:03 PM |
| 66.151.34.195 | Black Oak Computers Inc. | 2011-04-01 11:29:12 PM |
| 66.176.115.201 | Comcast Cable Communications | 2011-06-12 12:05:46 PM |
| 66.176.229.185 | Comcast Cable Communications | 2011-05-09 01:22:39 AM |
| 66.176.230.67 | Comcast Cable Communications | 2011-05-10 06:41:30 PM |
| 66.176.249.151 | Comcast Cable Communications | 2011-04-10 03:26:23 PM |
| 66.176.3.172 | Comcast Cable Communications | 2011-04-19 01:26:07 AM |
| 66.176.52.74 | Comcast Cable Communications | 2011-05-06 06:26:10 AM |
| 66.177.105.221 | Comcast Cable Communications | 2011-05-23 09:19:38 PM |
| 66.177.156.27 | Comcast Cable Communications | 2011-04-01 07:42:31 AM |
| 66.229.105.222 | Comcast Cable Communications | 2011-04-01 11:40:42 PM |
| 66.229.72.6 | Comcast Cable Communications | 2011-04-09 08:34:17 PM |
| 66.32.68.242 | Earthlink | 2011-04-06 01:25:43 PM |
| 67.162.174.58 | Comcast Cable Communications | 2011-04-15 07:45:05 AM |
| 67.191.37.129 | Comcast Cable Communications | 2011-04-14 07:36:58 AM |
| 67.191.60.252 | Comcast Cable Communications | 2011-04-17 08:07:15 AM |
| 68.200.14.136 | Bright House Networks | 2011-05-17 12:09:19 AM |
| 68.202.102.117 | Bright House Networks | 2011-04-20 04:40:22 AM |
| 68.202.135.144 | Bright House Networks | 2011-04-12 04:01:54 PM |
| 68.202.201.118 | Bright House Networks | 2011-06-05 12:47:53 PM |
| 68.205.97.185 | Bright House Networks | 2011-06-05 04:12:09 PM |
| 68.234.3.234 | colo4jax | 2011-04-05 04:44:05 PM |
| 68.59.84.53 | Comcast Cable Communications | 2011-05-21 03:00:18 AM |
| 69.137.16.191 | Comcast Cable Communications | 2011-04-07 07:59:09 PM |
| 69.254.25.35 | Comcast Cable Communications | 2011-04-09 02:42:44 AM |
| 69.34.15.54 | Embarq Corporation | 2011-04-12 02:55:56 PM |
| 69.73.49.12 | Knology | 2011-04-06 12:32:49 AM |
| 70.119.139.43 | Bright House Networks | 2011-04-22 12:33:28 PM |
| 70.119.205.49 | Bright House Networks | 2011-03-31 10:38:27 PM |
| 70.126.138.131 | Bright House Networks | 2011-04-11 01:35:08 AM |
| 70.126.155.105 | Bright House Networks | 2011-05-06 06:22:18 PM |
| 70.127.98.48 | Bright House Networks | 2011-05-31 05:22:36 AM |
| 70.191.232.170 | Cox Communications | 2011-04-04 10:31:38 PM |
| 70.46.120.35 | NuVox Communications | 2011-05-06 07:19:36 PM |
| 71.0.246.250 | Embarq Corporation | 2011-05-29 11:15:43 PM |
| 71.100.152.148 | Verizon Online | 2011-04-08 05:23:15 PM |
| 71.122.251.152 | Verizon Online | 2011-06-20 04:28:57 AM |
| 71.180.177.250 | Verizon Online | 2011-04-29 07:59:51 AM |
| 71.196.20.114 | Comcast Cable Communications | 2011-05-22 12:49:10 AM |
| 71.196.25.187 | Comcast Cable Communications | 2011-05-09 02:56:37 AM |
| 71.196.28.182 | Comcast Cable Communications | 2011-04-19 12:41:42 AM |
| 71.196.93.143 | Comcast Cable Communications | 2011-04-06 11:25:38 AM |
| 71.197.44.190 | Comcast Cable Communications | 2011-04-12 12:01:28 AM |
| 71.203.151.99 | Comcast Cable Communications | 2011-05-30 08:49:20 PM |
| 71.226.82.66 | Comcast Cable Communications | 2011-04-23 09:20:42 AM |
| 71.229.30.242 | Comcast Cable Communications | 2011-05-15 06:03:17 AM |

| | | |
|---|---|---|
| 71.251.117.97 | Verizon Online | 2011-04-11 03:42:07 PM |
| 71.3.114.218 | Embarq Corporation | 2011-05-08 08:35:01 PM |
| 71.57.131.250 | Comcast Cable Communications | 2011-04-09 01:11:27 PM |
| 72.184.123.95 | Bright House Networks | 2011-04-01 07:19:48 PM |
| 72.184.76.218 | Bright House Networks | 2011-04-10 03:53:51 PM |
| 72.184.76.242 | Bright House Networks | 2011-04-12 09:26:31 PM |
| 72.186.197.230 | Bright House Networks | 2011-04-01 03:56:47 AM |
| 72.188.239.227 | Bright House Networks | 2011-04-10 02:35:09 AM |
| 72.188.72.163 | Bright House Networks | 2011-05-05 12:45:04 AM |
| 72.189.41.81 | Bright House Networks | 2011-04-17 01:03:55 AM |
| 72.28.133.186 | Atlantic Broadband Finance | 2011-04-08 01:52:21 PM |
| 72.28.140.252 | Atlantic Broadband Finance | 2011-04-01 07:49:50 PM |
| 72.91.76.75 | Verizon Online | 2011-04-04 03:06:41 PM |
| 74.179.127.126 | BellSouth.net | 2011-04-06 05:14:27 AM |
| 74.235.221.17 | BellSouth.net | 2011-06-17 11:02:54 PM |
| 74.4.115.193 | Embarq Corporation | 2011-04-06 11:55:51 AM |
| 75.203.152.227 | Cellco Partnership DBA Verizon Wireless | 2011-04-15 04:34:19 PM |
| 75.74.0.70 | Comcast Cable Communications | 2011-04-15 06:14:26 AM |
| 75.74.56.114 | Comcast Cable Communications | 2011-04-20 12:16:36 PM |
| 75.74.64.65 | Comcast Cable Communications | 2011-04-21 04:54:30 PM |
| 75.76.60.48 | Knology | 2011-04-14 09:10:48 PM |
| 76.101.20.39 | Comcast Cable Communications | 2011-05-01 11:08:54 PM |
| 76.101.253.120 | Comcast Cable Communications | 2011-05-01 12:14:24 AM |
| 76.101.89.245 | Comcast Cable Communications | 2011-04-01 06:44:06 PM |
| 76.106.185.71 | Comcast Cable Communications | 2011-05-29 08:05:15 PM |
| 76.108.21.55 | Comcast Cable Communications | 2011-05-07 06:05:12 PM |
| 76.108.72.105 | Comcast Cable Communications | 2011-05-09 05:03:16 AM |
| 76.109.118.62 | Comcast Cable Communications | 2011-04-11 05:33:19 PM |
| 76.109.60.9 | Comcast Cable Communications | 2011-04-10 03:28:21 PM |
| 76.110.187.1 | Comcast Cable Communications | 2011-04-29 03:44:50 AM |
| 76.110.193.7 | Comcast Cable Communications | 2011-04-26 04:55:21 PM |
| 76.110.91.136 | Comcast Cable Communications | 2011-04-16 04:20:10 AM |
| 76.110.97.18 | Comcast Cable Communications | 2011-04-09 06:26:56 PM |
| 76.122.30.217 | Comcast Cable Communications | 2011-04-11 05:22:04 PM |
| 76.26.229.244 | Comcast Cable Communications | 2011-04-17 06:19:52 AM |
| 96.228.186.170 | Verizon Online | 2011-04-13 01:12:35 AM |
| 96.228.192.198 | Verizon Online | 2011-04-10 12:41:25 AM |
| 96.252.149.135 | Verizon Online | 2011-04-11 11:49:56 AM |
| 96.254.113.39 | Verizon Online | 2011-04-18 08:36:59 AM |
| 96.254.207.54 | Verizon Online | 2011-04-07 06:31:13 AM |
| 96.8.10.181 | Baldwin County Internet | 2011-04-16 06:30:31 PM |
| 97.100.148.107 | Bright House Networks | 2011-04-17 01:16:16 AM |
| 97.100.64.11 | Bright House Networks | 2011-04-12 03:51:13 PM |
| 97.101.102.215 | Bright House Networks | 2011-04-19 04:44:44 PM |
| 97.101.254.141 | Bright House Networks | 2011-04-06 01:21:21 AM |
| 97.102.201.171 | Bright House Networks | 2011-04-08 09:52:00 PM |
| 97.102.3.43 | Bright House Networks | 2011-04-08 04:52:15 PM |

| | | |
|---|---|---|
| 97.103.212.202 | Bright House Networks | 2011-04-11 02:04:09 AM |
| 97.104.4.78 | Bright House Networks | 2011-04-16 11:06:17 AM |
| 97.106.42.132 | Bright House Networks | 2011-04-12 03:16:20 AM |
| 97.78.34.210 | Bright House Networks | 2011-04-27 04:48:45 PM |
| 97.96.147.152 | Bright House Networks | 2011-05-16 01:08:54 PM |
| 97.96.85.236 | Bright House Networks | 2011-05-12 04:49:24 PM |
| 97.97.129.22 | Bright House Networks | 2011-04-15 05:27:59 AM |
| 97.97.214.84 | Bright House Networks | 2011-04-02 03:23:21 AM |
| 98.170.253.214 | Cox Communications | 2011-04-01 04:15:56 AM |
| 98.203.48.23 | Comcast Cable Communications | 2011-04-05 06:57:04 PM |
| 98.208.164.152 | Comcast Cable Communications | 2011-04-14 11:47:50 PM |
| 98.230.32.174 | Comcast Cable Communications | 2011-04-14 02:30:46 AM |
| 98.230.42.234 | Comcast Cable Communications | 2011-04-29 01:44:15 PM |
| 98.242.220.76 | Comcast Cable Communications | 2011-04-06 09:23:34 AM |
| 98.254.25.223 | Comcast Cable Communications | 2011-04-11 01:41:59 PM |
| 98.64.194.6 | BellSouth.net | 2011-04-09 03:16:41 AM |
| 98.77.126.159 | BellSouth.net | 2011-04-16 07:06:40 AM |
| 98.82.123.204 | BellSouth.net | 2011-05-15 02:05:19 AM |
| 98.85.238.197 | BellSouth.net | 2011-04-10 05:41:33 AM |
| 99.10.213.162 | AT&T Internet Services | 2011-04-11 06:32:34 PM |
| 99.139.154.17 | AT&T Internet Services | 2011-04-26 11:49:14 PM |
| 99.98.142.44 | AT&T Internet Services | 2011-04-09 02:23:08 AM |

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

Case No. [     ]–Civ–[     ]/[     ]

AF HOLDINGS LLC,

       Plaintiff,

vs.

DOES 1 – 162,

       Defendants.

_____

## PLAINTIFF'S CORPORATE DISCLOSURE STATEMENT
## PURSUANT TO FEDERAL RULE OF CIVIL PROCEDURE 7.1

Plaintiff AF Holdings LLC does not have a parent corporation. No publicly held company owns 10% or more of Plaintiff's stock.

Respectfully submitted,

AF Holdings LLC.

DATED: August 16, 2011

By:   /s/ Neil H. Rubin
      NEIL H. RUBIN—Florida Bar No. 416952
      Attorney E-Mail Address:
      nhrubin@neilrubinlaw.com
      Rubin & Bickman, PLLC
      Historic City Hall
      1130 Washington Avenue—Fourth Floor
      Miami Beach, Florida 33139-4600
      Telephone: (305) 672-7200 Extension '2'
      Telecopier: (305) 672-0101
      *Attorney for Plaintiff*

%JS 44  (Rev. 2/08)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)  **NOTICE: Attorneys MUST Indicate All Re-filed Cases Below.**

## I. (a) PLAINTIFFS

AF Holdings LLC

**DEFENDANTS**

1-162

(b) County of Residence of First Listed Plaintiff __Not Applicable__
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant __unknown__
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT LAND INVOLVED.

(c) Attorney's (Firm Name, Address, and Telephone Number)

Rubin & Bickman, PLLC; Historic City Hall; 1130 Washington Ave –
4th Floor; Miami Beach, FL 33139; 305-672-7200x2

Attorneys (If Known)

(d) Check County Where Action Arose: ☑ MIAMI- DADE ☐ MONROE ☐ BROWARD ☐ PALM BEACH ☐ MARTIN ☐ ST. LUCIE ☐ INDIAN RIVER ☐ OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (Place an "X" In One Box Only)

☐ 1  U.S. Government Plaintiff

☑ 3  Federal Question (U.S. Government Not a Party)

☐ 2  U.S. Government Defendant

☐ 4  Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (Place an "X" In One Box for Plaintiff and One Box for Defendant)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (Place an "X" In One Box Only)

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS**

**PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury

**PERSONAL INJURY**
- ☐ 362 Personal Injury - Med. Malpractice
- ☐ 365 Personal Injury - Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 444 Welfare
- ☐ 445 Amer. w/Disabilities - Employment
- ☐ 446 Amer. w/Disabilities - Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence
  Habeas Corpus:
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE/PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs.
- ☐ 660 Occupational Safety/Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt.Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☑ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Information Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

## V. ORIGIN (Place an "X" In One Box Only)

☑ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Re-filed- (see VI below)
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district (specify)
☐ 6 Multidistrict Litigation
☐ 7 Appeal to District Judge from Magistrate Judgment

## VI. RELATED/RE-FILED CASE(S).

(See instructions second page):

a) Re-filed Case ☐ YES ☑ NO    b) Related Cases ☐ YES ☑ NO

JUDGE _____    DOCKET NUMBER _____

## VII. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing and Write a Brief Statement of Cause (Do not cite jurisdictional statutes unless diversity):

copyright infringement under 17 U.S.C. 101 et. seq.

LENGTH OF TRIAL via _____ days estimated (for both sides to try entire case)

## VIII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ 150,000.00

CHECK YES only if demanded in complaint:

JURY DEMAND: ☑ Yes ☐ No

ABOVE INFORMATION IS TRUE & CORRECT TO THE BEST OF MY KNOWLEDGE

SIGNATURE OF ATTORNEY OF RECORD

DATE
August 16, 2011

**FOR OFFICE USE ONLY**

AMOUNT _____  RECEIPT # _____  IFP _____

 **Comcast.**

NE&TO
650 Centerton Road
Moorestown, NJ 08057
866-947-8572 Tel
866-947-5587 Fax

## CONFIDENTIAL

December 8, 2011

**VIA UPS DELIVERY**
MS CLARA STAFFORD
1516 MERRY OAKS CT
TALLAHASSEE, FL 32303

Re:    *AF Holdings, LLC v. John Does 1-162*
        United States District Court for the Southern District of Florida
        Docket No.: 1:11-cv-23036-FAM
        Comcast File #: 315357

Dear Ms Clara Stafford:

        Comcast is in receipt of your correspondence dated November 15, 2011. As we informed you, you must file a motion with the court and provide us a copy verifying said filing. As of today, we have not received any copy of any legal process filed by you. Unless we receive a copy of a motion filed with the court by December 22, 2011, we will release your information as ordered by the court.

        Should you have any further questions, please contact me to discuss the matter. I can be reached at (856) 675-5124.

        Very Truly Yours,

        Lena Magilton DeMaio

SASE
John Does
Tallahassee  FL
32303

Clerk of Court
United States District
Court
Southern district of
Florida
400 North Miami AVE
Miami  FL 33128



REC'D by _____ D.C.
DEC 22 2011
STEVEN M. LARIMORE
CLERK U.S. DIST CT.
S.D. of FLA. MIAMI