UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 11-23036-CIV-SCOLA/BANDSTRA

AF HOLDINGS, LLC,

    Plaintiff,

v.

DOES 1-162,

    Defendants,
_____/

## ORDER

THIS CAUSE is before the Court on (1) Defendant Chantal Pierre's Motion to Quash Subpoena (D.E. 9) filed on November 23, 2011; and (2) Defendant Dayanira Leal's Motion to Quash Subpoena (D.E. 10) filed on November 28, 2011. On December 7, 2011, these motions were referred to the undersigned by the Honorable Robert N. Scola for appropriate resolution pursuant to 28 U.S.C. § 636(b). Having carefully considered these motions, all responses and replies thereto, the court file and applicable law, it is hereby

ORDERED AND ADJUDGED:

    a. that Defendant Chantal Pierre's Motion to Quash Subpoena is DENIED; and

    b. that Defendant Dayanra Leal's Motion to Quash Subpoena is DENIED.

## BACKGROUND

On August 23, 2011, AF Holdings, LLC ("plaintiff") commenced this action by filing a Complaint for copyright infringement seeking damages and injunctive relief against one hundred sixty two separate Doe defendants. See Cpt. (D.E. 1). Plaintiff is the assignee and alleged owner of all rights and interests in the subject copyrighted work which is an

adult video entitled "Sexual Obsession" ("the Video"). At the commencement of this action, defendants actual names were unknown to plaintiff. Cpt., ¶ 4. However, each defendant is known to plaintiff by an Internet Protocol address ("IP address"), which is a number assigned to devices connected to the Internet. Cpt., ¶ 4. In essence, plaintiff alleges that the Doe defendants illegally reproduced and distributed plaintiff's copyrighted Video in violation of 17 U.S.C. §§ 101, et seq. Plaintiff alleges that it used geolocation technology to trace IP addresses to each Doe defendant to a point of origin within the State of Florida thereby asserting that each Doe defendant either resides or had committed copyright infringement in the State of Florida. Cpt., ¶6. Plaintiff further alleges that the Doe defendants participated in a "peer to peer" network by which defendants exchanged the Video using an internet file sharing method known as BitTorrent[1]. Cpt., ¶¶29-30. Consequently, plaintiff further alleges that the Doe defendants engaged in a civil conspiracy by committing overt tortious and unlawful acts by using BitTorrent software to download the Video from and distribute it to others. Cpt, ¶ 42. Based on these and other allegations, plaintiff asserts claims against the Doe defendants for infringement of the Copyright Act, 17 U.S.C. §§ 101, et seq. (Count I) and civil conspiracy (Count II).

On September 26, 2011, plaintiff moved for leave to take discovery prior to the Rule 26(f) conference in order to serve limited discovery on third party Internet Service Providers ("ISP) to determine the identities of the Doe defendants. On October 18, 2011, this Court

---

[1] The "BirTorrent protocol is a decentralized method of distributing data. Instead of relying on a central server to distribute data directly to individual users, the BitTorrent protocol allows individual users to distribute date among themselves by exchanging pieces of the file with each other to eventually obtain a whole copy of the file. When using the BitTorrent protocol, every user simultaneously receives information from and transfers information to one another." Cpt., ¶11. Peers are the "individual downloaders and/or distributers of a particular file." Cpt., ¶12.

granted plaintiff's motion for leave and allowed the service of certain Rule 45 subpoenas.

On November 23, 2011, Defendant Chantal Pierre, IP Address 71.196.20.114, filed the instant motion to quash a subpoena issued to Comcast Cable Holdings, LLC ("Comcast"), arguing that the subpoena should be quashed on the basis that she did not use the alleged IP address and further requesting that she remain anonymous.

On November 28, 2011, Defendant Dyanira Leal, IP Address 76.101.253.120, filed the instant motion to quash the subpoena issued to Comcast, arguing that the subpoena should be quashed based on her First Amendment right to remain anonymous. She further argues that the claims asserted against her should be dismissed on several grounds including improper joinder of the multiple Doe defendants, this Court's lack of personal jurisdiction and actual innocence.

Plaintiff opposes these motions to quash, arguing that the defendants prematurely challenge joinder and personal jurisdiction and other arguments. Plaintiff responds asserting that its need for the requested information in the subpoena outweighs Ms. Leal's privacy interest and the that the subpoena is sufficiently narrow in scope.

## FINDINGS AND CONCLUSIONS

a. <u>Defendant Dayanira Leal's Motion to Quash Subpoena</u>

Dayanira Leal ("defendant") moves to quash the subpoena issued to ISP Comcast which seeks production of information to determine the identity of the persons alleged to have engaged in copyright violations of plaintiff's material through the use of BitTorrent file sharing network. Essentially, defendant argues that the subpoenas issued to her ISP should be quashed because the putative doe defendants are improperly joined and this

Court lacks personal jurisdiction.

Under Rule 45( c)(3), a court must modify or quash a subpoena that, *inter alia,* requires disclosure of privileged or other protected matter, if no exception or waiver applies, or subject a person to undue burden." Fed.R.Civ.P. 45(c)(3)(A). A court may also modify or quash a subpoena that, *inter alia,* requires disclosure of confidential information. Fed.R.Civ.P. 45(c)(3)(B). Surprisingly, defendant's arguments do not address the requirements of Rule 45 but rather argues without any supporting authority that the subpoena should be quashed and this action should be dismissed. Alternatively, defendant requests the issuance of a protective order preventing plaintiff from divulging her true identity and other information.

Applying Rule 45 here, the Court first notes that this Rule permits "the issuing court" to quash or modify a subpoena. "Normally, disputes over discovery from a non-party are decided by the court which issued the subpoena, unless the non-party consents that the matter be resolved by a court in an other district." In re Welding Rod Products Liability Litigation, 406 F.Supp.2d 1064, 1065 (N.D. Cal. 2005); see also, In re Sealed Case, 141 F.3d 337, 341 ("only the issuing court has the power to act on its subpoenas"). The Northern District of Illinois purportedly issued the subpoena at issue here. Absent the consent of the Comcast Cable, this Court lacks authority to quash to modify the subpoena. Nevertheless, the Court will address defendant's remaining arguments which provide a further basis for denial of this motion.

Upon further application of Rule 45, the Court finds that defendant has failed to establish that plaintiff's subpoena is overly broad. Defendant essentially argues that the subpoena fails to identify any named defendant and is not limited to any specified time

period. Defendant's argument is unavailing at this time because she has not been named as a party to this lawsuit. Because this defendant has not been named as a party nor served with the Complaint, she is not required to respond to the allegations presented in the Complaint or otherwise litigate in this district. Plaintiff has issued subpoenas to defendant's ISP, Comcast, not to the defendant herself. Consequently, defendant faces no obligation to produce any information under the subpoenas issued to his ISP and cannot claim it is overly broad or presents any undue hardship. Courts addressing this issue have likewise concluded that the issuance of a subpoena to the ISP of putative defendants does not create an undue burden on them because they are not required to produce anything. See <u>Call of the Wild Movie v. Does 1-1,062</u>, 2011 WL 996786 (D.D.C. March 22, 2011) (denying motion to quash subpoenas seeding putative users' identifying information from their ISP).

For similar reasons, the Court finds defendant's argument that this Court lacks personal jurisdiction equally unavailing and premature. Plaintiff alleges that it used geolocation technology to trace this Doe defendant's IP address to a point of origin within Florida and that this Doe defendant resides or has committed copyright infringement within this State. As explained above, the putative defendants' personal jurisdiction arguments are premature at this time because they have not been named as parties to this lawsuit. Given that they are not named parties, the putative defendants are not required to respond to the allegations presented in the plaintiff's Second Amended Complaint or otherwise litigate in this district. The plaintiff has issued subpoenas to the putative defendants' IMPS, not to the putative defendants themselves. After defendant has been named as a party and properly served, she will have the opportunity to file an appropriate motion challenging

5

jurisdiction. The Court does not have the necessary information to evaluate issues of personal jurisdiction at this time.

Similarly, defendant's claim that she is innocent of the alleged copyright infringement is premature and not a basis for quashing the subpoena. Again, the proper time to raise these factual denials is after she has been named a party to this litigation.

Turning to the issue of joinder, the Court notes that pursuant to Fed.R.Civ.P. 20(a)(2), permissive joinder of multiple defendants in one action is proper if: "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." However, even if these conditions are met, joinder is not mandatory and the Court may order separate trials to protect any party against embarrassment, delay, expense, or other prejudice. See Fed.R.Civ.P. 20(b).

Considering the positions of the parties and applicable law, the undersigned notes that many courts throughout this country have already addressed how the joinder rules apply to lawsuits against Doe defendants who are alleged to have acted in concert by using BitTorrent or other similar peer-to-peer (P2P) software to infringe copyright laws. While each decision was considered, the undersigned finds it unnecessary to discuss each case in detail herein finding that these issues have been best addressed by district court decisions in the Northern District of Illinois, the Northern District of California and the District of Columbia, although with conflicting findings and conclusions. Unfortunately, neither this district nor the Eleventh Circuit Court of Appeals have decided these issues thereby providing no binding authority in this case.

Reviewing applicable authority, the undersigned is persuaded by recent decisions on this issue which have concluded that joinder is appropriate at this early stage of the proceedings. See First Time Videos, LLC v. Does 1-76, 276 F.R.D. 254 (N.D. Ill. 2011); MCGIP, LLC v. Does 1-18, 2011 WL 2181620, at *1 (N.D. Cal. 2011). Significantly, the Complaint alleges that joinder of the Doe defendants is proper because they engaged in a concerted effort to engage in a series of transactions to illegally reproduce and distribute the Video Cpt., ¶¶ 9-12. Given the nature of the BitTorrent technology these allegations appear to meet the requirement of permissive joinder. Based on these and other similar reasons, courts in other cases involving file sharing through BitTorrent protocol have held that joinder is appropriate. Moreover, the suit involves question of law and fact that are common to all defendants.. Cpt., ¶ 12. Accordingly, the Court finds that joinder is appropriate at this stage of the proceedings.

Turning to defendant's argument that the subpoena violates her First Amendment right to remain anonymous, this Court notes that this argument has routinely been rejected by courts addressing this issue. Although courts have found that file-sharers' activities are entitled to First Amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement. See e.g., Call of the Wild Movie, LLC. Does 1-1062, 770 F.Supp.2d 332, 349–54 (D.D.C.2011) ("File-sharers ... do engage in expressive activity when they interact with other users on BitTorrent. The First Amendment interest implicated by their activity, however, is minimal given that file-sharers' ultimate aim is not to communicate a thought or convey an idea but to obtain movies and music for free."). Accordingly, this argument is also rejected by this Court.

b. <u>Chantal Pierre's Motion to Quash the Subpoena</u>

For above stated reasons, the Court likewise denies this defendant's motion to quash.

DONE AND ORDERED in Chambers in Miami, Florida, this 12th day of January, 2012 in Miami, Florida.

Ted E. Bandstra
United States Magistrate Judge

Copies furnished to:
Honorable Robert N. Scola
Counsel of record