UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 11-23036-Civ-SCOLA

AF HOLDINGS, LLC

    Plaintiff,
v.

DOES 1-162

    Defendants.
_____/

**ORDER ON MOTION TO QUASH SUBPOENA,
FOR PROTECTIVE ORDER, FOR SEVERANCE, AND TO DISMISS CASE**

THIS MATTER is before the Court on [ECF No. 12] the Motion to Quash, Motion for Protective Order, Motion to be Severed from the Case, and Motion to Dismiss Complaint, filed pro se and anonymously by John Doe Defendant with IP Address 71.122.251.152 (hereinafter, "Doe Defendant"). For the reasons that follow, this Motion is denied.

**Background**

The Complaint alleges copyright and civil conspiracy against certain Doe Defendants who allegedly engaged in the unauthorized appropriation and distribution of Plaintiff's adult entertainment content over the Internet. Compl. ¶ 1. Plaintiff allegedly does not know the true names of the Defendants, but has identified each by a unique Internet Protocol ("IP") address. *Id.* ¶ 4. Plaintiff purportedly cannot ascertain the actual identities of the Doe Defendants without information from the Defendants' Internet Service Providers. *Id.* Therefore, the Plaintiff filed a Motion [ECF No. 5] to serve limited, immediate discovery on third-party Internet Service Providers in order to determine the identities and contact information of the Doe Defendants.

On October 18, 2011, the predecessor trial court entered an Order [ECF No. 7] granting the Motion and setting forth the terms by which Plaintiff may serve subpoenas upon the third-party Internet Service Providers. The Order permitted Plaintiff to subpoena from the Internet Service Providers "[i]nformation sufficient to identify each [Doe] Defendant, including name,

current (and permanent) address, telephone number, e-mail address, and Media Access Control address," but it cautioned that "any information disclosed to the Plaintiff in response to a Rule 45 subpoena may be used by the Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in its Complaint[.]" *See* Discovery Order [ECF No. 7] at 1-2.

After the subpoenas were served, certain Motions to Quash [ECF Nos. 9, 10] were filed, along with the instant Motion. This Court entered an Order referring all discovery matters to the designated Magistrate Judge, the Hon. Ted Bandstra, including the two Motions to Quash. On January 12, 2012, the Magistrate Judge entered an Order [ECF No. 22] denying those Motions. He ruled the Court lacked the authority to quash the subpoenas because it was not the Court that had issued them and that even if the Court did have such authority, the movants' arguments were either premature or without merit. *See* Mag Order [ECF No. 22] at 3-8.

The instant Motion was filed by an anonymous Doe Defendant who does not want Verizon, a third-party Internet Service Provider to which a Court-approved subpoena was issued, to disclose his/her identity and contact information to the Plaintiff. The Doe Defendant asserts a myriad of arguments why this should not be done: the John Does have a privacy interest in remaining anonymous under the First Amendment and the Florida Constitution; the naming of 162 Doe Defendants constitutes misjoinder; the Court lacks personal jurisdiction over many of the Doe Defendants; and copyright infringement suits of this sort are baseless "fishing expeditions" that are used solely to extort money from alleged infringers.

## Legal Standards

A motion to quash a subpoena is governed by Federal Rule of Civil Procedure 45. The Rule provides that a subpoena *must* be modified or quashed if, among other things, it "requires disclosure of privileged or other protected matter" or "subjects a person to undue burden." *See* Fed. R. Civ. P. 45(c)(3)(A). In addition, "[t]o protect a person subject to or affected by a subpoena," the Court *may* quash or modify a subpoena if, for example, it requires "disclosing a trade secret or other confidential research, development, or commercial information[.]" *See* Fed. R. Civ. P. 45(c)(3)(B).

For good cause shown, Federal Rule of Civil Procedure 26 permits a court to "issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense[.]" *See* Fed. R. Civ. P. 26(c). "A district court has broad discretion when fashioning protective orders," *see In re Alexander Grant & Co. Litig.*, 820 F.2d 352, 357 (11th Cir. 1987),

and the moving party has the burden of showing a particular need for protection under Rule 26(c), *see Pensacola Firefighters' Relief Pension Fund Bd. of Trs. v. Merrill Lynch Pierce*, 2011 WL 3512180, at *2 (N.D. Fla. July 7, 2011). "Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test." *Trinos v. Quality Staffing Servs. Corp.*, 250 F.R.D. 696, 698 (S.D. Fla. 2008) (citation omitted).

Severance is decided pursuant to Federal Rule of Civil Procedure 20(b), which provides that courts "may order separate trials or make other orders to prevent delay or prejudice," and Federal Rule of Civil Procedure 21, which provides that "[a]ny claim against a party may be severed and proceeded with separately." The determination of whether to grant severance is left to the discretion of the district court. *See Dawley v. NF Energy Saving Corp. of Am.*, 2008 WL 3889592, at *2 (M.D. Fla. Aug. 18, 2008). In addressing questions of joinder and severance, "the impulse is towards entertaining the broadest possible scope of action consistent with fairness to the parties; joinder of claims, parties and remedies is strongly encouraged." *See Acciard v. Whitney*, 2008 WL 5120820, at *1 (M.D. Fla. Dec. 4, 2008) (citation omitted). The touchstone of this inquiry is "whether the interests of efficiency and judicial economy would be advanced by allowing the claims to travel together, and whether any party would be prejudiced if they did." *See id.* (citation omitted).

A motion to dismiss is governed by Federal Rule of Civil Procedure 12(b) and may encompass various defenses, such as lack of personal jurisdiction and failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b). When considering such a motion, the Court must accept all of the Complaint's allegations as true, construing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). The plaintiff must nevertheless articulate "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A pleading that merely offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" will not survive a motion to dismiss. *Id.*

## **Legal Analysis**

The Court finds that the Doe Defendant's arguments lack merit. As such, the subpoena to Verizon will not be quashed, a protective order will not be entered, severance will not be granted, and this action will not be dismissed at this early stage.

Initially, the Court finds the Magistrate Judge's conclusions as to the other Motions to Quash [ECF Nos. 9, 10] to be equally applicable here, and the Court hereby adopts those findings as to this matter. *See* Mag. Order [ECF No. 22] at 3-8. As the Magistrate Judge correctly notes, Rule 45 permits only "the issuing court" to quash or modify a subpoena. *See* Fed. R. Civ. P. 45(c)(3); *see also Howard v. Hartford Life & Accident Ins. Co.*, 2011 WL 2533800, at *8 (M.D. Fla. June 27, 2011). Because the instant subpoena was issued out of the Northern District of Illinois to facilitate service upon Verizon's authorized agents, this Court lacks the authority under Rule 45 to quash that subpoena. *Chick-Fil-A v. Exxonmobil Corp.*, 2009 WL 2242392, at *1 (S.D. Fla. July 24, 2009); *see also Sure Fill & Seal, Inc. v. GFF, Inc.*, 2009 WL 3171126, at *1 (M.D. Fla. Oct. 2, 2009); *Gordon v. Mortg. Elec. Reg. Sys., Inc.*, 2011 WL 2457495, at *1 n.2 (S.D. Ga. June 16, 2011).

Putting aside the absence of authority to quash, the Court also finds that the Doe Defendant lacks standing to contest this subpoena. The subpoena was issued to Verizon, not the Doe Defendant. A party to an action generally may not seek to quash or modify a subpoena on behalf of the non-party to which it was issued. *See Armor Screen Corp. v. Storm Catcher, Inc.*, 2008 WL 5049277, at *2 (S.D. Fla. Nov. 25, 2008). The only exception[1] arguably relevant applies to situations in which a subpoena "requires disclosure of privileged or other protected matter." *See* Fed. R. Civ. P. 45(c)(3)(A); *see also Anglin v. Maxim Healthcare Servs., Inc.*, 2009 WL 928305, at *1 (M.D. Fla. Apr. 3, 2009) ("Generally a party has no standing to quash a

---

[1] Although Rule 45 provides that a subpoena *must* be quashed if it "subjects a person to undue burden," this exception does not help the Doe Defendant as to the Verizon subpoena. "Courts that have addressed this issue have concluded that the issuance of a subpoena to the Internet Service Provider of putative defendants does not create an undue burden on the putative defendants because they are not required to produce anything." *See First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177, at *1 (S.D. Ind. Sept. 13, 2011; *see also First Time Videos, LLC v. Does 1-500*, 2011 WL 3498227, at *7 (N. D. Ill. Aug. 9, 2011); *MGCIP v. Does 1-316*, 2011 WL 2292958 at *1 (N.D. Ill. June 9, 2011). Thus, only Verizon, as the Internet Service Provider, has standing to argue the subpoena poses an undue burden to it. *See First Time Videos.*, 2011 WL 4079177, at *1

subpoena served upon a third party, except as to claims of privilege relating to the documents being sought."). But this exception does not help the Doe Defendant here.

As the Magistrate found in ruling upon the other Motions to Quash, the privacy or free speech interests of the Doe Defendants are minimal in cases of this kind. *See* Mag. Order [ECF No. 22] at 7 ("Although courts have found that file-sharers' activities are entitled to First Amendment protection, they have emphasized that the protection is minimal and that it does not cover illegal conduct such as copyright infringement."). As other federal courts have found too, individuals who use the Internet to download or distribute copyrighted works are engaged in only a limited exercise of speech and the First Amendment does not necessarily protect such persons' identities from disclosure. *See Call of the Wild Movie, LLC v. Does 1-1062*, 770 F. Supp. 2d 332, 349-54 (D.D.C. 2011); *see also London-Sire Records, Inc. v. Doe 1*, 542 F. Supp. 2d 153, 179 (D. Mass. 2008) ("the alleged infringers have only a thin First Amendment protection"). Determining whether a litigant may proceed anonymously requires balancing the "litigant's substantial right to privacy" with the "constitutionally embedded presumption of openness in judicial proceedings." *Liberty Media Holdings v. Swarm Sharing Hash File*, 2011 WL 5161453, at \*6 (D. Mass. Oct. 31, 2011) (citations omitted). "[C]ircumstances such as economic harm or mere embarrassment will not suffice to overcome the public's interest in disclosure." *See id.*

Here, the Doe Defendant argues that he has a protected privacy interest in his/her identifying information, that disclosure is unwarranted because Plaintiff's lawsuit is a baseless extortion attempt, and that "there is also the 'name and shame' issue associated with being tied into a lawsuit from a porn peddler[.]" *See* Mot. ¶ 51. These arguments fail to establish grounds for quashing the subpoena to Verizon. The subpoena seeks information that the Doe Defendant freely provided to Verizon, his/her Internet Service Provider. As courts have routinely held, "Internet subscribers do not have a reasonable expectation of privacy in subscriber information they have already conveyed to their [Internet Service Providers]." *See, e.g.*, *Doe v. S.E.C.*, 2011 WL 4593181, at \*3 (N.D. Cal. Oct. 4, 2011); *First Time Videos, LLC v. Does 1-18*, 2011 WL 4079177, at \*1 (S.D. Ind. Sept. 13, 2011); *First Time Videos, LLC v. Does 1-500*, 276 F.R.D. 241, 249 (N.D. Ill. 2011). "Additionally, an individual has no protected privacy interest in their name, address, phone number, e-mail address, or Media Access Control address when there is an allegation of copyright infringement." *First Time Videos*, 2011 WL 4079177, at \*1. Thus, whatever privacy interest the Doe Defendant may have in his/her contact information is

overcome by the Plaintiff's need to identify and pursue litigation against these purported infringers. *Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 8-9 (D.D.C. 2008); *Liberty Media Holdings*, 2011 WL 5161453, at *7. The Doe Defendant's cry of extortion-by-litigation is also insufficient. As one court stated in rejecting a similar argument, "[t]his allegation is not supported in the motion papers or by [the Plaintiff's] actions to date. It is purely speculative and not grounds for allowing the moving defendants to proceed anonymously." *See id.* Lastly, "the potential embarrassment or social stigma that [the Doe Defendants] may face once their identities are released in connection with this lawsuit is not grounds for allowing them to proceed anonymously." *See id.* In short, this Doe Defendant has failed to show any sufficient privacy interest that would serve to confer standing upon him/her to challenge the subpoena to Verizon.

Even if this Court had the authority to quash the subpoena and even if the Doe Defendant had standing to challenge it, there would still be no basis to quash in this case. The Court has already found that any minimal privacy and speech interests are outweighed by the Plaintiff's right to identify and litigate against alleged copyright violators. *See Doe/S.E.C.*, 2011 WL 4593181, at *3; *First Time Videos*, 2011 WL 4079177, at *1; *First Time Videos*, 276 F.R.D. at 249; *see also Anglin*, 2009 WL 928305, at *3. Further, as the Magistrate Judge correctly ruled on the other Motions to Quash, this Doe Defendant's arguments regarding misjoinder and personal jurisdiction are premature. *See* Mag. Order [ECF No. 22] at 5-7. The Plaintiff is using the subpoena to attempt to locate individuals who allegedly unlawfully downloaded and distributed its copyrighted works without permission so that it may serve the Complaint upon them and pursue this litigation. At this time, however, the Doe Defendant has not been personally named in this action or served with the Complaint; as such, he/she is not required to respond to the Complaint or otherwise litigate in this District unless and until properly named and served. Further, this Court is presently without all of the information necessary to evaluate any personal jurisdiction challenges, in no small part because this Doe Defendant and others are anonymous – a problem to which the instant discovery is specifically addressed. As other courts have found, joinder of Doe Defendants is appropriate under such circumstances. *See London-Sire Records, Inc.*, 542 F. Supp. 2d at 180-81. If and when the Doe Defendants are identified and served with the Complaint, the issue of misjoinder may again be raised, to the extent necessary, based upon the actual parties involved at that point in time. Only then will the Court have at hand all that it needs to know to make a legally correct ruling.

The only argument remaining – that copyright infringement suits of this sort are baseless "fishing expeditions" used solely to extort money from alleged infringers – amounts to nothing more than an *ad hominem* attack on the Plaintiff. This line of argument fails to persuade. And it is especially inappropriate coming from an individual attempting to litigate, without counsel, anonymously. "[B]oth the Federal Rules of Civil Procedure and the Local Civil Rules require that persons filing papers in this Court identify themselves in their papers." *See West Coast Prods., Inc. v. Does 1-5829*, 275 F.R.D. 9, 12 (D.D.C. 2011). Indeed, Federal Rule 11 provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented. *The paper must state the signer's address, e-mail address, and telephone number*." Fed. R. Civ. P. 11(a) (emphasis supplied). Likewise, this District's Local Rules require that "any party appearing *pro se* shall maintain current contact information with the Clerk of Court," and all filings must contain "a signature block with the name, street address, telephone number, facsimile telephone number, e-mail address, [etc.]" *See* S.D. Fla. Local Rules 5.1(a)(6) and 11.1(g). These rules exist for a reason. As one court recently observed,

> [P]arties to a lawsuit must typically openly identify themselves in their pleadings to protect the public's legitimate interest in knowing all the facts involved, including the identities of the parties. The public has a common law right of access to judicial records, and allowing a party to litigate anonymously undermines that public right.

*West Coast Prods.*, 275 F.R.D. at 12 (citations omitted). It is inappropriate for this Doe Defendant to hurl unsubstantiated personal attacks at the Plaintiff from behind a shroud of anonymity. Having found that the Doe Defendant has no protected privacy interest in remaining unidentified in these circumstances, any further filings before this Court shall be made in compliance with the Federal and Local Rules requiring the provision of appropriate identifying and contact information.

Moving on, the Court finds that the Doe Defendant is not entitled to any of the other relief prayed for in the Motion. "Notwithstanding [the Doe Defendant's] lack of standing in regard to its request to quash, it may move for a protective order if the subpoena seeks irrelevant information." *Nathai v. Fla. Detroit Diesel-Allison, Inc.*, 2009 WL 2424570, at *1 (M.D. Fla. Aug. 5, 2009) (internal citation and alterations omitted). "The party seeking a protective order carries the burden of showing good cause and/or the right to be protected." *See id.* Here, the Doe Defendant has not carried its burden to show a protective order is warranted. Far from

seeking irrelevant material, the third-party subpoena to Verizon seeks information essential to this litigation – namely, the identities and locations of the putative Defendants, who are the alleged infringers in this lawsuit.  Thus, a protective order should not issue.  Nor is the Doe Defendant entitled to severance at this stage in the proceedings; the issue of joinder is, as already explained, premature at present.  *See First Time Videos*, 276 F.R.D. at 251-53.  Last but not least, the Doe Defendant has shown no entitlement to dismissal of this action.  Although the Doe Defendant does not identify any rule that would justify dismissal, motions to dismiss are litigated pursuant to Federal Rule of Civil Procedure 12(b).  The only possibly bases for dismissal here relate to personal jurisdiction and misjoinder.  As the Court has already ruled, however, issues of personal jurisdiction and misjoinder are not ripe.  *See First Time Videos*, 276 F.R.D. at 251.  To the extent the Doe Defendant seeks dismissal for failure to state a claim under Federal Rule 12(b)(6), such relief would be equally premature.  Upon proper service with the Complaint, the Doe Defendant may renew any such arguments to the extent appropriate.   Thus, this action will not be dismissed at this time.

## Conclusion

For the reasons stated above, the subpoena to Verizon should not be quashed, a protective order should not issue, severance should not be ordered, and this action should not be dismissed. Accordingly, it is hereby **ORDERED and ADJUDGED** that the Doe Defendant's Motion to Quash, Motion for Protective Order, Motion to be Severed from the Case, and Motion to Dismiss Complaint [ECF No. 12] is **DENIED**.  The Plaintiff is directed to serve a copy of this Order upon all effected parties, including Verizon and the Doe Defendant.  If Plaintiff is presently unable to locate the Doe Defendant, this requirement may be satisfied by service of the instant Order upon Verizon with instructions that it forward a copy to the anonymous Doe Defendant.

**DONE and ORDERED** in chambers at Miami, Florida on February 14, 2012.

ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

*Copies to:*
U.S. Magistrate Judge Ted Bandstra
Counsel of record